**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| GREGORY L. GILLILAN, | : | |
| | : | |
| Plaintiff | : | |
| | : | 1:05-CV-133(WLS) |
| vs. | : | |
| | : | |
| BRANDY HILLTON, | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| JAMES DONALD, | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | |

**RECOMMENDATION**

*Pro se* prisoner plaintiff **GREGORY L. GILLILAN,** presently confined at Calhoun State Prison in Morgan, Georgia filed the above-styled complaint pursuant to 42 U.S.C. § 1983.

*I. STANDARD OF REVIEW*

   *A. 28. U.S.C. § 1915(e)(2)*

Because plaintiff sought leave to proceed *in forma pauperis*, the Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2). Notwithstanding any filing fee or portion thereof that might have been paid, a court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28  U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. **Neitzke v. Williams**, 490 U.S. 319 (1989).  A claim is frivolous

as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. *Id*. at 327;  *See also* **Clark v. Georgia Pardons & Paroles Bd.**, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### *B. General Requirements of 42 U.S.C. § 1983*

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, he must allege that the act or omission was committed by a person acting under color of state law.  **Parratt v. Taylor**, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff states in the complaint that his outgoing legal mail has been opened without permission and subsequently returned to him.  Plaintiff also alleges that his mail has been tampered with thereby, comprising "legal evidence" related to a court case.  Plaintiff names Brandy Hillton, a staff member in the business office at Calhoun State  Prison and James Donald, Commissioner of the Georgia Department of Corrections as defendants.

## III.  DISCUSSION

### *A. James Donald*

A plaintiff cannot prevail under 42 U.S.C. § 1983 based solely on a theory of respondeat superior.  **Rogers v. Evans**, 792 F.2d 1052, 1058 (11th Cir. 1986); **H.C. by Hewett v. Jarrard**, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  In order to prevail on a § 1983 claim against a supervisory

official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitutional deprivation.  *Cotton v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).  The plaintiff must also allege deprivation of rights by individual employees in their official capacity.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1316 (11th Cir. 2000); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981).

Plaintiff has not demonstrated that James Donald was actually involved in, or exercised control or direction over, the alleged constitutional deprivation in this case.

Therefore, it is the **RECOMMENDATION** of the undersigned that the claim against defendant James Donald be **DISMISSED** and that he be terminated as a party herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

### B.  *Brandy Hillton*

 "[U]nreasonable interference with a prisoner's outgoing legal correspondence, particularly when it limits his access to the courts, creates a cause of action cognizable under § 1983."  *Martin v. Wainwright*, 526 F.2d 938, 939 (5th Cir. 1976).  Therefore, by separate order, plaintiff's claim against defendant Brandy Hillton will be allowed to proceed.

**SO RECOMMENDED**, this 5th day of October, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE
