IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY GILLILAN,

    Plaintiff,

VS.

BRANDY HILTON,

    Defendant.

CIVIL ACTION FILE
NO. 1:05-cv-133(WLS)

**RECOMMENDATION**

This is a § 1983 action brought by a State of Georgia inmate who was confined at Calhoun State Prison in Morgan, Georgia when he filed his complaint in the fall of 2005. The gravamen of his complaint is that defendant Hilton evidently opened some of his outgoing legal mail and then returned it to the plaintiff.

Several motions are pending herein, the oldest being defendant's motion to dismiss the complaint for failure to exhaust all available administrative remedies before seeking relief in Federal Court as required by the Prison Litigation Reform Act ("PLRA") (Doc. #9). These motions will be addressed in the order of their filing.

Section 1997e(a) of the PLRA provides that,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Offered in support to the motion to dismiss is the affidavit of Dedra Edwards, the Warden's designee for formal inmate grievances, who has access to all informal as well as formal

grievances filed by inmates at Calhoun State Prison (Doc. # 19, ¶ 3).[1]  According to the affiant, Calhoun State Prison has an informal grievance system which must be invoked within ten days of the date on which the inmate knew or should have known of the complained of conduct.  If not successful with the informal grievance the inmate may file a formal grievance within five days of the rejection of the informal grievance.  Within four days of the rejection of the formal grievance the inmate may appeal to the Division Director.  It is at this point the inmate will be deemed to have exhausted his available administrative remedies (Doc. 19, ¶ 4).

On October 4, 2005, one day after the Clerk of Court file stamped plaintiff's complaint, he filed an informal grievance with his counselor (Doc. 19, ¶ 5).  At the time plaintiff filed the instant complaint (one of ten he presently has pending) he clearly had not exhausted his available administrative remedies as required by the PLRA.  The plain meaning of § 1997e(a) requires exhaustion prior to filing suit.  In this circuit exhaustion is a precondition to suit.  <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1326 (11th Cir. 1998).  "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."  <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998).  It is therefore the **RECOMMENDATION** of the undersigned that this complaint be dismissed with out prejudice to his right to re-file upon exhaustion.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 17th day of July 2006.

---

[1] Use of an affidavit does not convert the motion to dismiss to a motion for summary judgment.  See, <u>Colonial Pipeline Co. V. Collins</u>, 921 F. 2d 1237, 1243 (11th Cir. 1991).

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE